IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PHILIP HARRY WERNER, JR.,

Plaintiff,

v.

FRANK BISIGNANO
*Commissioner of Social Security*,

Defendant.

25cv1427
ELECTRONICALLY FILED

**MEMORANDUM ORDER**

Before the Court is Plaintiff's Motion for Reconsideration (ECF 20) of the Court's Order

to remand this matter to the Commission of Social Security "for further administrative

proceedings consistent with the Defendant's motion [for summary judgment]." ECF 18.

Defendant filed a Response making the matter ripe for adjudication. ECF 23.

**I.    BACKGROUND**

On March 4, 2023, Plaintiff filed for disability insurance benefits (DIB) and supplemental

security income (SSI), alleging disability as of February 6, 2023, due to Type 2 diabetes mellitus,

a right food amputation, foot neuropathy, and high blood pressure (Tr. 58-59, 219-32, 271). After

exhausting all of his administrative remedies, Plaintiff brought this civil action, seeking a

reversal and/or remand of the decision denying him Social Security benefits.

On January 22, 2026, Plaintiff filed a motion for summary judgment (ECF 13 [errata])

and brief in support (ECF 11) with this Court. Plaintiff's Motion in its entirety reads as follows:

> Please take notice that upon the annexed Memorandum of Law and upon
> all the prior pleadings and proceedings had herein, the undersigned
> attorney for the Plaintiff will move this Court on a time and date to be

1

> determined by the Court for an order granting summary judgment in favor of the Plaintiff and against the Defendant reversing and remanding this matter solely for the calculation of benefits, or, in the alternative, remanding the matter for further administrative proceedings on the grounds that that there is new and material evidence that should be considered by the Commissioner, and that the decision of the Defendant denying Supplemental Security Income benefits to the Plaintiff was against the weight of substantial evidence, was arbitrary and capricious, and was an error of law, and for such other and further relief as to the court seems just and proper.

ECF 13. Plaintiff's brief provided factual information and caselaw which Plaintiff claimed supported his request for a reversal and/or a remand. ECF 11.

After granting Defendant a continuance to file a response to Plaintiff's motion and/or a cross-motion for summary judgment (ECF 15), on March 17, 2026, Defendant filed a "motion for remand under the fourth sentence of 42 U.S.C. § 405(g)." The fourth sentence referenced by Defendant set forth in 405(g) reads, "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C.A. § 405(g).

On March 18, 2026, upon considering that both parties had requested remand, the Court remanded the matter to the Commissioner of Social Security for further factual findings without ruling on Plaintiff's request for a reversal of the denial of social security disability benefits. ECF 18.

On April 3, 2026, Plaintiff filed a Motion for Reconsideration of the Court's March 18, 2026 remand Order, noting (with citations to the transcript) that Plaintiff is suffering from proliferate diabetic retinopathy ("PDR") in both eyes which "typically causes permanent structural damage to the retina which cannot be improved through conventional corrective

lenses." ECF 21, p. 6 (emphasis added). In light of this claim, Plaintiff again requested the Court reverse the earlier decision of the Commission denying him social security disability benefits.

Defendant, in its response to Plaintiff's Motion for Reconsideration, counters (with citations to the transcript) that a state agency physician (Dr. Malloy) opined that the medical record "failed to confirm that Plaintiff had visual limitations." ECF 23, p. 3. Defendant also noted that previously, Plaintiff failed to offer evidence demonstrating that he is legally blind, when using corrective lenses, and thus, requested the remand to allow the record to be more thoroughly developed for further fact-finding on this issue of whether Plaintiff is blind, and thus, suffers from a visual acuity impairment as that term is defined by 20 C.F.R. Pt. 404, Subpt. P, App'x 1, § 2.00.  *Id.* at p. 2, 4.

## II.    STANDARD OF REVIEW

Generally, a Motion for Reconsideration will only be granted on one of the following three grounds: (1) if there has been an intervening change in controlling law; (2) if new evidence, which was not previously available, has become available; or (3) if it is necessary to correct a clear error of law or to prevent manifest injustice.  *See, Max's Seafood Café by Lou Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

A dispositive judgment may be altered or amended, however, only if the party seeking reconsideration shows at least one of the following grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [made its decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café ex rel. Lou–Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir.1999) (citation omitted).  *See also, Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (per curiam). Since the scope of such a motion is "extremely limited", the Third

Circuit has recognized that such a motion should be used only to correct manifest errors of law or to present newly discovered evidence. *Blystone v. Horn*, 664 F.3d 397, 415-16 (3d Cir. 2011).

### III.   ANALYSIS

Here, although Plaintiff does not specify what the basis is for his reconsideration motion, the Court notes that because there is no newly discovered evidence, the only possible basis would be to correct a manifest error of law.

The Court finds no manifest error of law in its prior Order (ECF 17). However, throughout his Motion for Reconsideration, the Plaintiff urges this Court to reverse the determination of "no benefits" and Order the Commissioner to perform a calculation of benefits because Plaintiff claims that he is blind for all intents and purposes. This Court, in issuing its prior remand Order (ECF 17) did not Order and reversal of the underlying decision; but instead ordered a remand so that Commissioner would (as requested by both Parties), re-open the record to allow the Parties the opportunity to develop a factual record concerning Plaintiff's diabetic retinopathy, and what impact, if any, those factual findings concerning Plaintiff's eye condition have on the overall decision concerning whether to award benefits to Plaintiff.  Only once the record is fully developed will this Court consider whether to reverse or affirm the ALJ's decision (should the parties appeal again), and declines issue a ruling on an incomplete record.

For the foregoing reasons, the Motion for Reconsideration is DENIED. SO ORDERED, this 16th day of April 2026.

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Court Judge

cc:     All Registered ECF Counsel and Parties